LAURA C. ROXTON (formerly Laura C. Rosenstone) *Plaintiff in Error*, vs. MICHAEL JABALY, *Defendant in Error*.

139 So. 151.

Division A.

Opinion filed January 6, 1932.

*G. P. Garrett,* for Plaintiff in Error;

No appearance for Defendant in Error.

BUFORD, C.J.—In this case suit was instituted to collect three promissory notes. To the declaration a fourth plea was filed, which is the only plea necessary to be considered here. This is termed an equitable plea but it does not come within the rule of such a pleading. While the plea is of some length, it is necessary to set it out in full, that the Bench and Bar may derive any benefit from the decision in this case. It is as follows:

"And for a defense on equitable grounds this defendant says: That the plaintiff together with one Henry Alexander, purchased the property described in the deed which is referred to in plaintiff's declaration, and a copy of which is attached thereto as Exhibit '4', and agreed to pay therefor the sum of $21,000.00; that upon the conveyance of the said property to said plaintiff and the said Alexander they paid to the grantor therefor the sum of $5000.00 cash and secured the balance by a mortgage on said property. That the said $5000.00 so paid was all the cash money the plaintiff and her associate ever had invested in this property.

That said plaintiff thereafter sold said property at an agreed price of $80,000.00, receiving the sum of $20,000.00 in cash, and a purchase money mortgage to secure the balance of the said purchase price in the sum of $52,000.00; the purchaser assuming the previous and outstanding mortgage indebtedness, which at that time amounted to $8,000.00.

That said property was subsequently sold to this defendant for the sum of agreed consideration of $110,-000.00, and, upon the execution and delivery of the deed therefor to this defendant, he paid the sum of $50,000.00

in cash, the deed reciting that he assumed the outstanding mortgage indebtedness, aggregating the sum of $60,000.00, against said property as the balance of the purchase price; that since the purchase of the said property by the said defendant, he paid the additional sum of $2,000.00; making a total sum of $52,000.00 in cash which this defendant paid on said property.

That subsequently, upon default being made by defendant in payments provided for under the mortgage in the sum of $52,000.00 held by this plaintiff, the said plaintiff instituted foreclosure proceedings against this defendant; that said foreclosure proceeding was prosecuted to final conclusion and at the Special Master's sale thereof the said property was bought by the plaintiff for the bid sum of $25,000.00; there being no other bidders and the plaintiff then and there became reinvested with the title to the property so sold by her as aforesaid, and who, unless she has subsequently sold the same, is still the owner and in possession thereof.

That the property so bid in at the Special Master's sale by the said plaintiff was the same property described in Exhibit '4' attached to plaintiff's declaration, and in which she had originally invested only the sum of $5,000.00, and for which she received $20,000.00 in cash, in addition to the mortgage in the sum of $52,000.00; thus the plaintiff became possessed of the sum of $20,000.00 cash, and title to the property which was sold to this defendant for the sum of $110,000.00, upon an original investment by her in the sum of $5,000.00.

That upon a reasonably active market the property herein referred to is reasonably worth from $60,000.00 to $75,000.00.

That defendant never received any rents or profits from the property herein referred to, and in the purchase of which he expended the sum of $52,000.00 in cash, and now has no interest whatsoever in the same; that because of financial difficulties this defendant could not make further payments on the said property, and before foreclosure proceedings were instituted offered to convey said property to the said plaintiff to preclude the necessity for such proceedings.''

There was judgment for the defendant. Plaintiff took writ of error.

All the plea sets up is that it will work a hardship on the defendant to be required to pay the notes, the payment of which was solemnly obligated. It is admitted that the plea constitutes no legal defense to the action but on demurrer and motion to strike the trial court sustained the plea evidently as an equitable plea. It has been decided by this Court that "an equitable plea of the character permitted to be filed in actions at law under our statute is essentially a plea in confession and avoidance, inasmuch as it must of necessity admit that the plaintiff has a case upon which he will be entitled to a judgment at law in the legal proceedings, but which judgment, because of other facts set up in the plea, would nevertheless be such a judgment that a court of equity would grant relief from it as against the plaintiff after he obtains it." See Garrett vs. Phillips, filed May 1, 1931, reported 134 Sou. 231; Ulsch vs. Mountain City Milling Co., filed at this term of the Court.

There is nothing alleged in the plea now under consideration which would warrant a court of equity in setting aside a judgment at law recovered by the plaintiff against the defendant on the notes involved in this suit and, therefore, the plea sets up no facts which constituted either a legal or equitable defense to the declaration. The judgment should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.